UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80877-CIV-HURLEY
         (95-8089-CR-HURLEY)
MAGISTRATE JUDGE P.A. WHITE

GARY ALPHONSO PARSON,              :

      Movant,                      :

v.                                 :        REPORT OF
                                            MAGISTRATE JUDGE
UNITED STATES OF AMERICA,          :

      Respondent.                  :
_____

    Gary Parson, a federal prisoner currently confined at the United States Penitentiary in Lewisburg, Pennsylvania, filed a *pro se* motion to vacate pursuant to 28 U.S.C. §2255, attacking his conviction and sentence imposed pursuant to a jury verdict of guilty in Case No. 95-8089-Cr-Hurley.

    In his initial petition, Case No. 00-8773-Civ-Hurley, Parson claimed the sentence in his criminal case 95-8089-Cr-Hurley is unlawful, because the Indictment failed to allege a drug quantity which would justify imposing a sentence beyond the statutory maximum.

    Parson was found guilty of conspiracy to possess with the intent to distribute cocaine and cocaine base following trial by jury. The Court sentenced him to life imprisonment followed by ten

years of supervised release. His conviction and sentence were affirmed on direct appeal.

In support of his claim, Parson cited <u>Apprendi v. New Jersey</u>, 520 U.S. 466 (2000). The Eleventh Circuit has held <u>Apprendi</u> to be inapplicable to cases on collateral review. See <u>In re Joshua</u>, 224 F.2d. 1281 (11 Cir. 2000). The petition was therefore denied on February 16, 2001. The Eleventh Circuit declined to issue a certificate of appealability on October 15, 2001, Case No. 01-11468C.

In this motion to vacate, Parson claims he should be permitted to file a successive motion to vacate under the "savings Clause". The savings clause permits the filing of a second petition pursuant to 2241 when it appears that the remedy pursuant to 28 U.S.C. §2255 is not available for the following reasons: 1) the claim is based upon the retroactive applicable Supreme Court decision 2) the holding of the Supreme court decision establishes that the petitioner was convicted for a non existent offense, and 3) Circuit law foreclosed the claim at the time it should have been raised. *Wofford v Scott*, 177 F.3d 1236 (11 Cir. 1999).

The savings clause is not applicable in this case. The petitioner alleges he is actually innocent, because the superseding indictment charged him with a quantity not proven to the jury. As

stated above, this argument was raised in the movant's prior motion and denied.

This is a successive motion to vacate pursuant to 28 U.S.C. §2255. On April 24, 1996, the habeas corpus statutes were amended. Included in the new amendments is a change in 28 U.S.C. §2244, which now reads as follows:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus except as provided in section 2255.
>
> * * *
>
> (b)(3)(A) <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>.
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
> (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.
>
> * * *

3

(Emphasis added.)

On the same day, April 24, 1996, 28 U.S.C. §2255 was amended in relevant part to provide the following:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

If the movant intends to pursue this case, he should forthwith apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. §2244(b)(3)(A). The movant will be provided with a form to apply for such authorization with this report.

On its face, this successive motion is barred by the one year statute of limitations provided by 28 U.S.C. §2255. Under the circumstances of this case it does not appear that either a direct transfer of the case to the Court of Appeals pursuant to 28 U.S.C. §1631, or a stay of the present case would be appropriate. See generally Guenther v. Holt, 173 F.3d 1328 (11 Cir. 1999).

It is therefore recommended that this case be dismissed.

4

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 9th day of August, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Gary Alphonso Parson, *Pro Se*
Reg. No. 40458-004
FCI-McKean
PO BOX 8000
Bradford, PA